United States District Court

Southern District of Indiana

Terre Haute Division

U.S. DISTRICT
TERRE ... FILED
2003 FEB -3 ... COURT
SOU ... ION
LAURA ...
CLE ...

Roy Sylvester Parrott,
        Plaintiff.          vs. **2:03-CV-00 ... RLY-WGH**

United State of America,
Douglas Gheorke, Senior Officer.          Civil Action No._____
Steven E. Gardner, Lieutenant.
S. A. Ginton, Receiving & Discharge Officer,
T. O. Harris, Special Investigative Supervior Assistant.
Victor Killian. Disciplinary Hearings Officer (DHO).
Harley Lappin. Warden.
M. Nally, Associate Warden of Custody,
O. Stone. Food Service Cook Foreman.
Steve Wagle, Special Investigative Supervisor-/Lieutenant.
Randy White, Unit Manager,
        Defendants

## Civil Complaint

1. This Civil Complaint is authorized by 42 USC. Section 1983, 1985, 1986. And Bivens. to redress the deprivation under the color of Federal And State Law. of rights secured by the U.S. Constitution. Plaintiff is seeking declaratory relief.

2. Plaintiff is a resident of St. Thomas, U.S.. Virgin Islands, but at all times relevant hereto, was a contract prisoner housed at the Federal U.S. Penitentiary of Terre Haute, Indiana. where the unlawful Acts or omissions he is now forced to complain of occurred.

3. Defendant Douglas Gheorke is or was a senior officer. Steven E. Gardner is or was the Special Investigative Lieutenant; S.A. Ginton is or was the Receiving & Discharge Officer; T. O. Harris is or was the Special Investigative Supervisor Assistant; Victor Killian is or was the Disciplinary Hearings Officer (DHO); Harley Lappin is or was the Warden; M. Nally is or was the Associate Warden of Custody. O. Stone is or was a Food Service Cook Foreman; or Forewoman; Steve Wagle is or was the Special Investigative Supervisor-Lieutenant; And Randy White is or was the Unit Manager - all of the U.S. Penitentiary of Terre Haute, Indiana - responsible for the safety, care, And proper treatment of this plaintiff.

(1)

4. In doing or omitting to do all the things alleged herein, the defendants were acting within the scope of their respective employment, with the Federal Bureau of Prisons and its consent.

## Exhaustion of Remedies

5. Plaintiff verify that because this cause of action arose at U.S. Penitentiary of Terre Haute, Indiana. And plaintiff is now being housed at Wallens Ridge State Prison, for the Commonwealth of Virginia, no federal administrative remedies are available to him. Pursuant to the Administrative Remedy Program Statement 1330 13. As implemented April 24, 1996, this Administrative Remedy Program does not apply to inmates confined in other Non-Federal facilities - only to inmates confined in institutions operated by the Bureau of Prisons; to inmates designated to contract community corrections centers under the Bureau of Prisons responsibility; And to former inmates for issues that arose during their confinement. See Attachment A. Plaintiff filed a timely Tort claim under the Federal Tort claim Act, which was denied December 5. 2002. See Attachment B

## Statement of Facts

6. On June 7. 2000. while in the recreation cage in the Special Housing Unit (SHU). plaintiff got into a physical altercation with inmate Kenneth Lee Gregory - resulting from problems plaintiff had with Mr. Gregory while being his cellmate between March and May of 2000. problems that defendant Lheurke, who was the officer in charge (OIC), were fully aware of. as plaintiff told him. Responding to the incident was defendant Lheurke, along with several other officers assigned to SHU, who broke up the fight without further incident. Plaintiff was taken to a separate holding cell, as was Mr. Gregory, where photographs were taken and both inmates examined by the responding Physician Assistant. Plaintiff was later given a rule 224 infraction for minor assault

7 Plaintiff was advised of his rights by defendant Randy White, who referred the matter to the Special Investigative Supervisor's office (SIS) for further investigation based on plaintiff's allegation of staff misconduct. Alleging that defendant Lheurke knew of the problems plaintiff and Mr. Gregory were having, yet he put us in the recreation cage together. Assigned to the SIS office were defendant Harris, Gardner, and Wagle, who failed to supervise the matter, by making certain plaintiff and Mr. Gregory remained on separation status.

8. On July 5. 2001, more than a year later, plaintiff was informed by defendant Lheurke to pack his property, that he was being released back into General population - as authorized by defendant Lappin, Nally, white, and the SIS office.

9. Plaintiff asked defendant Gheorke what became of his pending transfer to the Virginia Department of Corrections; and defendant Gheorke said that he understood that transfer was denied.

10. Plaintiff was released into general population and assigned to Food Service on July 11, 2001. - where plaintiff for the first time since June 7th, 2000, saw Mr. Gregory. Plaintiff immediately notified defendant Stone, who was the Dinning Room Officer at the time, that he might have a problem with Mr. Gregory. - at which time she left the Dinning Room for the Kitchen area, and told plaintiff she will be back. Not long thereafter, Mr. Gregory, who plaintiff attempted to reconcile with, attacked plaintiff and began stabbing him multiple times about his left face (temple area), head, arm, chest, and left ear. Staff responded, Mr. Gregory was subdued, and plaintiff was rushed to the hospital, bleeding profusely from his left temple, where an artery was severely damaged, and treated by Dr. George for several hours (for internal bleeding).

11. On July 25th, 2001, plaintiff was escorted to Receiving & Discharge to have his property inventoried and packed by defendant Linton. in preparation for his transfer to Wallens Ridge State Prison in Virginia - a transfer plaintiff was told on July 5, 2001 was denied, why he was being released back into general population.

12. Plaintiff was expecting all his personal property be sent to Wallens Ridge State Prison, which he requested; but defendant Linton - after removing a large sum of such property, sent the remainder to plaintiff's sister residence in St. Thomas, V. I. without plaintiff consent and knowledge. It wasn't until plaintiff wrote the staff attorney advisor at the Terre Haute Prison, inquiring about his property, when Wallens Ridge officials said they hadn't received it, that he found out. See attachment "C".

13. Because Wallens Ridge officials only accept inmates' property from a sending institution or state, plaintiff, for almost 19 months, has not been able to receive and verify the inventory of his property - which based on information and belief was done to tamper with plaintiff's intention to take legal action against the defendants for their known negligence as set forth in this matter.

14. After perceiving a serious threat to his life and safety at USP Terre Haute, months before July 11, 2001. plaintiff filed a complaint with the F.B.I. office in Washington, D.C.; the office of professional responsibility; that of the Inspector General; that of Internal Affairs. And the Civil Rights Division in D.C., but defendant Lappin and his subordinates duped these offices into completely ignoring plaintiff's complaints - as lacking any basis.

(3)

## Legal Claims

15. The facts as disclosed herein, shows a concerted effort on the part of the defendants to deprive plaintiff of his civil rights, including but not limited to the following:

16. The defendants, Lappin, Nally, White, Wagle, Gardner, Harris, and Gheorke, knew or should have known that inmate Gregory and plaintiff was to remained seperated from each other, but nevertheless did wilfully and deliberately placed them in General population together — in violation of B.O.P. regulations.

17. Those defendants knew or should have known, based on inmate Gregory violent history, that he had the propensity to repeat such violent episode, but nevertheless did wilfully and deliberately failed to monitor and supervised plaintiff's seperation status from Mr. Gregory, resulting in the July 11th, 2001 assault on plaintiff — in violation of the Eighth Amendment of the U.S. Constitution.

18. Defendant Stone knew or should have known that she had a responsibility to supervised her assigned working area on July 11, 2001, as well as to act on plaintiff's fear for his physical safety from Mr. Gregory, but she nevertheless failed in such responsibilities, resulting in plaintiff being assaulted — in violation of the Eighth Amendment.

19. Defendant Girton knew or should have known that he had no right to fully seperate plaintiff from his property, or to in any way destroy such property, but nevertheless did so wilfully and deliberately, by mailing it to plaintiff's sister residence, as opposed to Wolfes Ridge, as plaintiff expected and requested, in violation of prison regulations, the 4th and 14th Amendment of the U.S. Constitution.

## Jurisdiction

20. The Jurisdiction of this court is invoked under the First, Fourth, and Fourteenth Amendment; under 28 U.S.C. sec. 1331, 1343, and 1367, under 28 CFR, sec. 14.9.; under 42 U.S.C. sec. 1983, 1985, and 1986. And under any applicable state or federal law, respectively.

21. As a pro se litigant with no access to a law library, and with limited knowledge of the law plaintiff invoke the supervisory authority of this Honorable Court in construing this non frivolous action liberally.

(4)

22. The matter in controversy, exclusive of interests and costs, exceeds the sum of $10,000.00.

23. The defendants are sued in their individual capacity, only.

24. That plaintiff is suffering from the loss of enjoyment of life, where his face is seriously scarred permanently, from the injury to his left temple, which can result in his death if that punctured artery reopened by accident and causes internal bleeding; and from the abnormal flow of blood from that artery periodically — all to his damages in the amount of $2,000,000.00

25. That plaintiff has suffered and will continue to suffer from mental and emotional anguish, and may be compelled to seek psychological counselling — all to his damages in the amount of $2,000,000.00.

26. Wherefore, plaintiff ask for declaratory judgment against the defendant United States of America in the amount of $2,000,000.00. And against the individual defendants in the amount of $2,000,000.00, representing the aggregate claims for compensatory and punitive damage. — — — And for any further relief this honorable court may find just and fair.

Dated January 28th, 2003.

Respectfully Submitted.

Roy Sylvester Parrott

## JURY DEMAND

Plaintiff demand a jury trial against the individual defendants pursuant to rule 38(b), of FRCP of all the issues.

(5) of (5)