UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROY SYLVESTER PARROTT,            )
                                  )
                    Plaintiff,    )
     vs.                          )   No. 2:03-cv-0026-RLY-WGH
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Defendant.    )

**Entry Discussing Motion for Summary Judgment**

Federal inmate Roy Parrott filed this lawsuit alleging that the United States violated his constitutional rights by (1) failing to protect him from being attacked by a fellow inmate and (2) failing to send his belongings to him after he was transferred to state prison. Dismissal of the claim against the United States was reversed in *Parrott v. Gehrke, et al.,* No. 03-4059 (7th Cir. June 24, 2004). Since that decision, the United States has appeared in the action and seeks resolution of Parrott's claims through the entry of summary judgment.

For the reasons explained in this Entry, the United States' motion for summary judgment must be **granted.**[1]

**I. Background**

Roy Sylvester Parrott ("Parrott") was confined at the United States Penitentiary at Terre Haute, Indiana ("USPTH") from May 15, 1997, until July 27, 2001. The USPTH is a prison operated by the Federal Bureau of Prisons ("BOP"). From January 2000 until July 5, 2001, Parrott was housed in the Special Housing Unit ("SHU") at the USPTH. At various times during this period, Parrott was incarcerated in the Disciplinary Segregation section of the SHU, and at other times was in the Administrative Detention area of the SHU.

---

[1]"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* "'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

On June 7, 2000, there was an incident between Parrott and inmate Gregory at the USPTH in which Parrott slipped out of his handcuffs and began to strike inmate Gregory, who remained cuffed. On July 11, 2001, a second incident between Gregory and Parrott occurred, in which Gregory was seen chasing Parrott. Parrott had a metal pan lid in his hand at the time.

On July 25, 2001, Parrott was taken with his personal property from the special housing unit to the receiving and discharge area of the USPTH. Parrott was in the process of being transferred from the USPTH to a state prison in Virginia (where he remains). Parrott left BOP custody on August 2, 2001. The state prison to which Parrott was being transferred limited the quantity and nature of personal property it would accept from an inmate. When informed of these limitations on personal property which could be brought, Parrott said "screw it, just send all my stuff to this address." Parrott then provided defendant Girton with an address of a woman, identified as Parrott's sister, in the Virgin Islands. Parrott's property was then inventoried and packaged into three boxes. Parrott signed forms certifying the accuracy of the inventory. Girton prepared certified mail receipts for all three of the boxes of property. The three boxes were sealed and taped in the plaintiff's presence, and the certified mail receipts were placed on the respective boxes. The three boxes were then transported to the mail room for delivery to the United States Post Office the following day. According to the certified mail receipts, the three boxes were delivered to (and receipt signed for) at the address provided by Parrott to Girton.

## II. Discussion

### A. The Federal Tort Claims Act

This action is brought pursuant to the Federal Tort Claims Act (FTCA). Parrott alleges the defendant negligently failed to protect him from harm at the hands of another inmate and negligently lost his property. The FTCA is a limited waiver of sovereign immunity that subjects the federal government to liability for certain torts committed by federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671-2680; *United States v. Orleans,* 425 U.S. 807 (1976). Specifically, the FTCA covers injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The duty of care owed by the United States is specified by 18 U.S.C. § 4042, and requires the exercises of ordinary diligence to keep prisoners safe and free from harm.

The state law where the alleged tort occurred is to be applied in a FTCA action. *Richards v. United States,* 369 U.S. 1 (1962). In Indiana, the three elements of the tort of negligence are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach. *Beta Steel v. Rust,* 830 N.E.2d 62, 69 (Ind.Ct.App. 2005).

### B. The Failure to Protect Claim

Parrott asserts that various BOP staff knew or should have known that he would be harmed if he was placed in general population at the USPTH, but they disregarded that knowledge and negligently placed Parrott in general population, subjecting him to a serious assault from an individual from whom he should have been separated.

In order to support a successful claim for negligence, the plaintiff must first establish that the defendant owed him some type of duty. The BOP has the duty to "provide suitable quarters and provide for safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States. . . ." 18 U.S.C. § 4042(a)(2). "While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty. The statute sets forth no particular conduct the BOP personnel should engage in or avoid while attempting to fulfill their duty to protect inmates." *Calderon v. United States,* 123 F.3d 947, 950 (7th Cir. 1997). Where one inmate is assaulted by another, a breach of the duty requires a showing that the correctional officers knew of a potential problem between the two inmates prior to the assault. *Artis v. Perovsky,* 638 F. Supp. 51, 53-54 (W.D.Mo. 1986). The evidentiary record here contains no feature or fact suggesting that BOP staff knew of a potential problem between Parrott and Gregory on July 11, 2001. This evidentiary shortcoming is fatal to Parrot's claim of negligence, for without such a showing there has been no violation of a duty owed to Parrott, and without such a violation there was no actionable negligence. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied,* 519 U.S. 1115 (1997).

Where one inmate is assaulted by another, a breach of the duty requires a showing that the correctional officers knew of a potential problem between the two inmates prior to the assault. *Artis v. Perovsky,* 638 F. Supp. 51, 53-54 (W.D. Mo. 1986). A complaint which lacks allegations from which the court could conclude injuries were the result of an act or omission of any governmental employee is a basis to dismiss the lawsuit for failing to state a claim. Sandles v. United States, 903 F. Supp. at 27-28 (court dismissed as frivolous inmate's failure to protect claim after unprovoked inmate was knifed in the back by a psychotic inmate).

### C. The Property Claim

Plaintiff alleges staff negligently handled his property when they sent it from USPTH to a relative in the Virgin Islands rather than to Wallens State Prison, the institution to which he was designated.

A claim of negligence would appear to be within the scope of the types of claims for which the FTCA has waived the United States' sovereign immunity. However, there is an exception to this waiver. Under 28 U.S.C. § 2680(c), any claim arising from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer" is excluded from the broad waiver of sovereign immunity by the FTCA.

It has been persuasively held that Bureau of Prisons personnel are law enforcement officers within the meaning of § 2680, *e.g., Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804 (9th Cir. 2003); *Chapa v. United States Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003), that the forwarding of personal property such as that which occurred in this case was a "detention" of goods or other property, *Bramwell,* and that a claim under the circumstances alleged by Parrott falls outside the waiver of sovereign immunity created by the FTCA because of the "detention of goods" exception contained in § 2680(c). It is true, of course, that the Seventh Circuit aligned itself with the narrow, minority view of the

question in *Ortloff v. United States,* 335 F.3d 652, 660 (7th Cir. 2003), but the version of § 2680(c) at issue in *Ortloff* was amended as part of Pub.L. 106-185, § 3(a), and that the current version of that statute is broader because it exempts injury or loss to property arising out of detention "while in the possession of any officer of customs or excise or any other law enforcement officer . . . ," whereas the version of the exemption statute at stake in *Ortloff* extended only to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officers." This court thus does not view *Ortloff* as controlling to the claim in this case. *See French v. United States,* 2005 WL 1398828 (S.D.Ind. June 10, 2005).

Even if the nature of Parrott's property claim is found actionable under the FTCA, the circumstances of the handling of his property defeat his claim for the reasons explained in the Entry of October 23, 2003:

> The disposition of the property claim, however, is without merit, because defendant Girton did nothing more than (1) inform Parrott of the property limitations at the state prison to which Parrott was being transferred, (2) inventory and pack Parrott's personal property in accord with BOP procedures (which did not result in a loss of any of Parrott's property), and (3) take steps to ship Parrott's property to the person and address Parrott explicitly designated. Defendant Girton was not negligent in any of these matters; indeed, the postal receipts show that the three packages reached the addressee. Parrott's transfer to the state prison was not Girton's doing. Similarly, Girton did not make and could not modify that prison's rules regarding the limitations on inmate property which is permitted. Parrott had a limited range of choices, though not because of any action or decision by Girton. Parrott made a choice, which Girton implemented. There is no plausible basis for liability to attach to Girton based on Parrott's choice under these circumstances.

There was no negligence in the handling of Parrott's personal property.

### III. Conclusion

Parrott has not identified a genuine issue of material fact as to his claim in this case, and the United States is entitled to judgment as a matter of law. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995). The United States' motion for summary judgment is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Date:   01/19/2006