UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROY SYLVESTER PARROTT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:03-cv-0026-RLY-WGH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**Entry Concerning Selected Matters**

**I.**

The plaintiff seeks recusal of the undersigned. The plaintiff asserts that the court demonstrated bias and prejudice against the plaintiff in what he asserts is a pattern of adverse rulings in this case. The request for the recusal is denied, because adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994). Such rulings are proper grounds for appeal, not for recusal. *Liteky v. United States,* 510 U.S. 540, 555 (1994); *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

**II.**

Final judgment was entered on the clerk's docket in this action on January 19, 2006. The plaintiff's post-judgment to motion to alter or amend judgment was signed by him on January 24, 2005, and filed with the clerk on January 30, 2006. Under the circumstances of this case, the post-judgment motion can be considered to have been "filed" on the date it was signed. *See Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999).

All motions that substantively challenge the judgment, filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992). The post-judgment motion is thus properly labeled.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. See *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the plaintiff's claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. As the court found, Parrott did not identify a genuine issue of material fact as to his claims in this case and the United States was entitled to judgment as a matter of law. That analysis was correct for the reasons stated.

Accordingly, the post-judgment motion to alter or amend judgment is **denied.**

**IT IS SO ORDERED.**

Date: 02/03/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Roy Sylvester Parrott, No. 295932, Wallens Ridge State Prison, P.O. Box 759, Big Stone Gap, VA  24219

Gerald A. Coraz, Office of the United States Attorney, 10 West Market Street, Suite 2100, Indianapolis, IN  46204-3048